STEGEMAN *v.* UNITED STATES (No. 458).[1]

1. POWER TO REMAND TO HAVE ADDITIONAL TESTIMONY TAKEN.

     The power to remand a case for the purpose of having additional testimony taken is not incident to the right of appeal itself, but must depend upon express statutory authority.

2. IBID.

     The organic act establishing this court embodies all provisions relative to appeals to this court now in force, and in determining whether the authority to remand a cause and direct a rehearing resides here, the provisions of the organic act are decisive.

3. IBID.

     There is no such authority directly conferred by that act, it may not be brought in by construction, and the terms of the statute contemplating as speedy a determination of causes here, as properly may be, a motion to remand to take additional testimony will be denied.

4. RULE 11 OF THIS COURT.

     Rule 11 of this court relating to amendments, orders, and judgments should be construed in connection with the statute giving authority to remand a case to the board by an order made on the final hearing before this court. If open to a broader interpretation, it must be held that in so far as it attempted to extend the power of the court beyond the limit here prescribed it was in excess of authority.

United States Court of Customs Appeals, January 18, 1911.

APPEAL from decision of the United States Board of General Appraisers (T. D. 30828, post-card views).

[Motion denied.]

*Comstock & Washburn (Albert H. Washburn* of counsel) for the motion.
*D. Frank Lloyd,* Assistant Attorney General (*Thomas J. Doherty* on the brief), for the United States.

     Before MONTGOMERY, HUNT, SMITH, BARBER, and DE VRIES, Judges.

MONTGOMERY, Presiding Judge, delivered the opinion of the court:
     An appeal having been taken to this court from a decision of the Board of General Appraisers, an application has been made for an

---

[1] Reported in T. D. 31240 (20 Treas. Dec., 153).

order remanding the case to the Board of General Appraisers with instructions to hear additional evidence therein and return the same to this court.

This application presents the important question of the power of this court to direct a rehearing of a case before the Board of General Appraisers, as the testimony proposed to be introduced is claimed to be in the nature of newly discovered testimony, and its production would call for a rehearing of the case and a new decision by the Board of General Appraisers, unless, indeed, we should be of the opinion that we have the power to take testimony for the use of this court which has not been brought to the attention of the Board of General Appraisers for action, and an opportunity given them to pass upon it.

A brief reference to the state of the law before the enactment of the act of August 5, 1909, is essential. Under the administrative act of June 10, 1890, authorizing appeal from the decisions of the Board of General Appraisers to the United States circuit courts, authority was given to the circuit courts at any time within 20 days after the return to refer it to one of the Boards of General Appraisers as an officer of the court to take and return to the court such further evidence as might be offered. Under this statute the practice of trying the case piecemeal became so common and found such disfavor with the courts that in 1908 the statute was amended by the act of May 27 of that year (35 Stat. L., 403), and provision was made as follows:

That the said circuit court is further vested with the power to remand any case pending before it on appeal from a decision of the Board of General Appraisers when, in its opinion, such proceeding is just and proper, but this shall not be ordered except upon motion duly made and after notice to the opposite party. When such order is made the case shall then be remanded to the Board of General Appraisers whose decision has been appealed from, and the said board shall hear such further testimony as shall be introduced by either party, and shall return to the circuit court the additional evidence so taken, together with a further certified statement of facts as supplemented or modified by such additional testimony, and their decisions upon the whole case as thus supplemented or modified, which said additional return shall be added to and become part of the record upon which the case shall be heard and determined by the circuit court.

This being the state of the law as to practice on appeals, Congress addressed itself to the enactment of the statute of 1909. By section 28 of that act it is provided that "the act to simplify the laws in relation to the collection of revenues, approved June 10, 1890, as amended, be further amended to read as follows:" This is followed by a complete revision of the customs administrative act, so called, of June 10, 1890, and eliminates wholly the provision above quoted, which was added to that act by amendment in 1908.

It is also provided by section 41 of the act of August 5, 1909, that the act to simplify the laws in relation to the collection of revenue,

approved June 10, 1890, as amended, "is not hereby repealed but amended so as to read as in this act provided."

These enactments left no room for construction. All of the act of June 10, 1890, not embodied in the tariff act of 1909 was abrogated and repealed. The provisions kept in force were directly embodied in the tariff act of 1909. It results, then, that we must look to the organic law creating this court to ascertain the intent of Congress as to the question here presented.

For convenience we quote at length the provisions which we deem to have application on this question. It is provided in section 29, after providing for the institution of this court:

After the organization of said court no appeal shall be taken or allowed from any Board of United States General Appraisers to any other court, and no appellate jurisdiction shall thereafter be exercised or allowed by any other courts in cases decided by said Board of United States General Appraisers; but all appeals allowed by law from such Board of General Appraisers shall be subject to review only in the Court of Customs Appeals hereby established, according to the provisions of this act. * * *

The Court of Customs Appeals established by this act shall exercise exclusive appellate jurisdiction to review by appeal, as provided by this act, final decisions by a Board of General Appraisers in all cases as to the construction of the law and the facts respecting the classification of merchandise and the rate of duty imposed thereon under such classification, and the fees and charges connected therewith, and all appealable questions as to the jurisdiction of said board, and all appealable questions as to the laws and regulations governing the collection of the customs revenues; and the judgment or decrees of said Court of Customs Appeals shall be final in all such cases.

It is further provided that in case of dissatisfaction with the decision of the board, the defeated party may—

apply to the Court of Customs Appeals for a review of the questions of law and fact involved in such decision: * * *

Such application shall be made by filing in the office of the clerk of said court a concise statement of errors of law and fact complained of, and a copy of said statement shall be served on the collector, or on the importer, owner, consignee, or agent, as the case may be. Thereupon the court shall immediately order the Board of General Appraisers to transmit to said court the record and evidence taken by them together with the certified statement of the facts involved in the case and their decision thereon; and all the evidence taken by and before said board shall be com petent evidence before said Court of Customs Appeals. The decision of said Cour of Customs Appeals shall be final, and such cause shall be remanded to said Board of General Appraisers for further proceedings to be taken in pursuance of such determination. * * *

Said Court of Customs Appeals shall have power to review any decision or matter within its jurisdiction and may affirm, modify, or reverse the same and remand the case with such orders as may seem to it proper in the premises, which shall be executed accordingly.

It will be seen that there is no direct authority conferred upon the court to remand a case to the Board of General Appraisers for the

purpose of taking testimony in advance of a decision by this court. It would be only by a strained construction that by implication the authority to take testimony in this court could be implied, and there is much in the provisions of the act which precludes any such implication. If any one purpose is manifest in the enactment creating this court, it is the purpose of providing a speedy hearing for both the importer and the Government, and an early determination of the questions arising in classification cases. The fact that the application for appeal shall contain a statement of the errors of law and fact complained of, and that the Board of General Appraisers is required to certify not only to the evidence taken by them, but also to the statement of facts involved in the case and their decision thereon, implies that the court is to determine the case which has previously been presented to the Board of General Appraisers and not a new case made up in this court.

It is true the power is given to remand the case for further proceedings by the Board of General Appraisers. But this authority is coupled with the authority to affirm, modify, or reverse, and this is the authority to affirm, modify, or reverse the decision by the Board of General Appraisers upon the case as made before them, and undoubtedly on such a hearing, if it should appear that the board has erroneously excluded testimony or committed any other error of law, the correction of which would involve of necessity a new trial of the case, the power to remand for this purpose would exist as it does in all cases in appellate courts, reviewing a case on writ of error.

It seems obvious that the intent of this act was to confer upon this court appellate jurisdiction only, and that that appellate jurisdiction partakes of the nature of an appeal in equity, and authorizes a determination of questions of fact involved. This we have indicated in United States *v.* Reibe (supra, p. 19, T. D. 30776). But such an appeal does not involve a trial de novo but a determination of the case upon the record made up by the Board of General Appraisers. The term "appeal" does not of necessity import a trial de novo. In re Burnette (73 Kansas, 609); 4 Enc. of Law and Practice, 15; 2 Cyc., 516.

It is urged that this court is by express language given jurisdiction to review as to the construction of law and facts, and that this provision necessarily includes the discretion to inform itself as to the facts through the process of remanding the case to the board with instructions to take further testimony and certify the case to this court, and that the general rules of practice with respect to appellate courts are not applicable in view of the express language of the organic act coupled with the intent to substitute the present statutory

procedure for the old, without in any way indicating an intent to curtail or limit the powers or authority of this court or to make them narrower than those with which the circuit courts had been invested.

We think the statute is not subject to this construction. If the contention were that this court might hear the case de novo, it would have greater force than does the contention here made, as it might be urged with some plausibility that the word "appeal" might import such an intent. As we have indicated, however, such seems not to be the ruling of the courts, but the practice of remanding a case to another tribunal to take testimony anew and to revise its holding has in the past been dependent upon express statutory authority, and is clearly not an incident of an appeal under any practice, ancient or modern.

It will not do to say that the practice which had formerly obtained is embodied in the organic act, for such a holding would ignore the fact that Congress in its wisdom has seen fit in the very act which creates this court to repeal the statutory authority for remanding a case to the Board of General Appraisers for the taking of new testimony and for a new finding of facts. This is most persuasive in determining what the intent of Congress was as indicated by the language employed in section 29.

It is established by the highest authority that the Congress may place such limitations upon the judicial power of a court, either of original jurisdiction or appellate jurisdiction in customs-revenue cases, as it may from time to time fix. As was said in Nichols v. United States (7 Wall., 126):

Every government has an inherent right to protect itself against suits, and if, in the liberality of legislation, they are permitted, it is only on such terms and conditions as are prescribed by statute.

Again, in Schillinger v. United States (155 U. S., 166), the Supreme Court said:

The United States can not be sued in their own courts without their consent, and in granting such consent Congress has an absolute discretion to specify the cases and the contingencies in which the liability of the Government is submitted to the courts for judicial determination. Beyond the letter of such consent, the courts may not go, no matter how beneficial they may deem, or in fact might be, their possession of a larger jurisdiction over the liabilities of the Government.

Rule 11 of this court should be construed in connection with the statute giving authority to remand the case to the board by an order made on the final hearing before this court. If open to a broader interpretation it must be held that in so far as it attempted to extend the power of the court beyond the limit here prescribed, it was in excess of authority.

The motion to remand the case is *denied*.