UNITED STATES *v.* NATIONAL ANILINE AND CHEMICAL Co. (No. 511).[1]

1. INCOMPETENT EVIDENCE.

The board admitted in evidence a certain certificate "for what it is worth." Without determining whether this was equivalent to holding the certificate had probative force of some sort, it is clear that subsection 29 of section 28, tariff act of 1909, relating to the powers of this court does not exempt testimony admitted by the board from the application on its review here of accepted principles governing the competency of evidence; and it is not true that if through error the board has admitted and considered as evidence that which has no tendency to support an issue of fact, such error, aided by the statute, imparts a character and force to that evidence which under no other circumstances could it possess; the word "competent" in the law, as applied to evidence before this court on appeal, does not clothe testimony improperly admitted below with any new quality or give it a probative force never inherently possessed by it.—Knauth, Nachod & Kuhne (155 Fed. Rep., 144) distinguished.

2. UNATTESTED DECLARATION ABROAD.

An unsworn *ex parte* statement made abroad and deposited with a vice consul is in no sense the equivalent of a deposition under oath and taken where there was an opportunity to cross-examine the witness; and such a statement can not be held to overcome the presumption of correctness in a collector's classification; especially is this so when such *ex parte* statement lacks relevancy.

3. MOTION TO REMAND.

Under the circumstances and upon request therefor, the rule is applied that a cause may be remanded for a new trial when necessary for the purposes of justice.

United States Court of Customs Appeals, February 17, 1912.

APPEAL from Board of United States General Appraisers, Abstract 24002 (T. D. 30944).

[Remanded.]

*D. Frank Lloyd*, Assistant Attorney General (*Edwin R. Wakefield* on the brief), for the United States.

*Walden & Webster* (*Henry J. Webster* of counsel) for appellee.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

BARBER, Judge, delivered the opinion of the court:

The merchandise in this case is thymol, a chemical compound, entered at the port of New York on the 28th day of October, 1909. Duty was assessed thereon at the rate of 55 cents per pound under paragraph 3 of the tariff act of August 5, 1909, as a chemical compound in the preparation of which alcohol had been used.

---

[1] Reported in T. D. 32287 (22 Treas. Dec., 309).

The importers duly protested, claiming the thymol was dutiable under the same paragraph at 25 per cent ad valorem as a chemical compound in the preparation of which alcohol was not used, and this was the sole question tried before the Board of General Appraisers. The United States there offered no evidence. The protest was sustained and the case comes here upon appeal by the Government for a review of the single question as to whether the importers have produced evidence sufficient to overcome the legal presumption existing in such cases that the collector's classification was correct.

One piece of evidence which was offered by the importers and admitted by the board (quoting its language of record) "for what it is worth," is the following written instrument, referred to as Exhibit 1:

HAMBURG-BILLWARDER, *October, 1909.*

DEAR SIR: We herewith beg to certify at your request that no alcohol whatever is used by us in manufacturing our product thymol.

Very truly, yours,                                        ANTON DEPPE SOHNE.
                                                                    By A. W. DEPPE.

CERTIFICATE OF ACKNOWLEDGMENT OF EXECUTION OF DOCUMENT.

UNITED STATES CONSULATE GENERAL, *Hamburg, Germany, ss:*

I, Edward H. L. Mummenhoff, vice consul general of the United States of America at Hamburg, Germany, duly commissioned and qualified, do hereby certify that on this 6th day of October, 1909, before me personally appeared A. W. Deppe, of the firm of Anton Deppe Sohne, to me personally known, and known to me to be the individual described in, whose name is subscribed to, and who executed the foregoing instrument, and being informed by me of the contents of said instrument he duly acknowledged to me that he executed the same freely and voluntarily for the uses and purposes therein mentioned.

In witness whereof I have hereunto set my hand and official seal the day and year last above written.

E. H. L. MUMMENHOFF,
*Vice Consul General of the United States of America.*

The entire document was attached to the consular invoice and was forwarded to the board pursuant to the statutory requirement that the collector shall transmit the invoice and all the papers and exhibits connected therewith to the board. (See tariff act of Aug. 5, 1909, subsection 14 of section 28).

The purpose for which Exhibit 1 was offered does not appear to have been stated at the hearing below, but in this court it is in effect claimed to have a legitimate tendency to prove that no alcohol was used in the preparation of thymol.

The introduction of this exhibit in evidence was duly objected to below by the Government for that it was an *ex parte* declaration, not sworn to, not taken at any hearing at which the Government was afforded the opportunity of cross-examination, and as incompetent and immaterial. Error in the admission of this exhibit is assigned and claimed here.

Relating thereto the importers say there are two reasons why this certificate is evidence here:

1. That it has been admitted by the board and that all evidence admitted by and before the board is declared to be competent evidence in this court, citing subsection 29 of section 28 of the tariff act of 1909.

2. That this certificate is a declaration made by a foreigner before a vice consul of the United States regarding the interest of an American citizen and it is therefore to be received in evidence in all courts in the United States, notwithstanding it is not under oath, citing section 1707 of Revised Statutes. This point will be later considered.

The material provisions of the statute germane for consideration upon the importers' first point may be found in subsections 12 and 29 of section 28 of the tariff act of August 5, 1909, and are as follows:

SUBSECTION 29. * * * The Court of Customs Appeals established by this act shall exercise exclusive appellate jurisdiction to review by appeal, as provided by this act, final decisions by a Board of General Appraisers in all cases as to the construction of the law and the facts respecting the classification of merchandise and the rate of duty imposed thereon under such classification, and the fees and charges connected therewith, and all appealable questions as to the jurisdiction of said board, and all appealable questions as to the laws and regulations governing the collection of the customs revenues; and the judgment or decrees of said Court of Customs Appeals shall be final in all such cases * * *. If the importer, owner, consignee, or agent of any imported merchandise, or the collector or Secretary of the Treasury, shall be dissatisfied with the decision of the Board of General Appraisers as to the construction of the law and the facts respecting the classification of such merchandise and the rate of duty imposed thereon under such classification, or with any other appealable decision of said board, they, or either of them, may, within sixty days next after the entry of such decree or judgment, and not afterwards, apply to the Court of Customs Appeals for a review of the questions of law and fact involved in such decision * * *. Thereupon the court shall immediately order the Board of General Appraisers to transmit to said court the record and evidence taken by them, together with the certified statement of the facts involved in the case and their decision thereon; and all the evidence taken by and before said board shall be competent evidence before said Court of Customs Appeals * * *. Said Court of Customs Appeals shall have power to review any decision or matter within its jurisdiction and may affirm, modify, or reverse the same and remand the case with such orders as may seem to it proper in the premises, which shall be executed accordingly * * *.

SUBSECTION 12. * * * The said board of nine general appraisers shall have power to establish from time to time such rules of evidence, practice and procedure, not inconsistent with the statutes, as may be deemed necessary for the conduct and uniformity of its proceedings and decisions and the proceedings and decisions of the boards of three thereof; and for the production, care, and custody of samples and records of said board * * *.

Under their first point the importers contend that the Board of General Appraisers having ruled that Exhibit 1 is competent evidence, that ruling can not be reviewed in this court.

We assume without deciding that the action of the board in admitting it "for what it is worth" was equivalent to a ruling on the part

of the board that this exhibit had probative force upon the issue as to whether or not thymol is a chemical compound in the preparation of which alcohol is used.

. The importers contend, by force of that part of subsection 29, above quoted, providing that all evidence taken by and before the board shall be competent evidence before this court, that any evidence that is received and considered by the board must be given some probative effect here. Stated in the language of their brief: "Questions of materialty, relevancy, and the weight of evidence are unquestionably subject to review, as also a question of competency where the board has excluded evidence, but where the board has admitted evidence the law is plain that the court must treat it as competent evidence." And they cite thereto Knauth, Nachod & Kuhne *v.* United States (155 Fed. Rep., 144).

We proceed to consider this question.

Surely it can not be claimed, after a careful reading thereof, that the above-quoted statute falls short of vesting this court with power to consider any issue of law or fact that is properly brought before it upon the record and to review the same. We have already held that questions of fact presented by the record may be here reviewed, and when a finding is wholly without evidence to support it or is clearly contrary to the weight of evidence it may be reversed. United States *v.* Riebe (1 Ct. Cust. Appls., 19 ; T. D. 30776); Holbrook *v.* United States (1 Ct. Cust. Appls., 263; T. D. 31317).

The effect of importers' contention is that evidence concededly inadmissible, because neither competent nor relevant, becomes both competent and relevant here if admitted and considered by the board. That this must be the effect of the claim is clear because if the evidence thereby becomes competent it is so because it has probative force as relates to the issue, and if that is so it is relevant. More tersely stated it is this: That if through error the board has admitted and considered evidence which has no tendency to support an issue of fact, such error coupled with the statute gives a force and character to the evidence which under no other circumstances it could have or possess.

It is plain that such a construction may, among others, have these results: A case may be heard before a board in which evidence concededly inadmissible is received and considered and controls its decision; later another case involving an identical issue may be heard and evidence identical in principle rejected, resulting in a decision the other way. Upon appeal of both cases to this court we might be compelled to render a decision in the first that in our opinion was contrary to law and exactly opposite that which in the second case we ought to render.

Of course, it is not to be expected that the Board of General Appraisers would commit such error, but when we consider that its

work is performed by boards of three, such results are not wholly impossible. The illustration, however, is made for the purpose of testing the logic of the rule.

It also follows from the contention of the importers—and they so concede—that while questions of materiality, relevancy, and the weight of evidence are subject to review here upon appeal, yet the question of competency may not be here reviewed where the board has admitted the evidence, but may be reviewed when the same evidence has been excluded.

We think further discussion is not necessary to lead the mind to the conclusion that such results must, to say the least, produce great confusion, uncertainty in practice before the board, and tend to promote a lack of uniformity in its decisions as well as in those of this court.

The power of an appellate court to review findings of fact involves the authority not only to determine the probative quality and effect of evidence, but also the authority to disregard evidence when error in the admission thereof is assigned and claimed. Not only is this its right, but its duty can not be discharged unless the power is exercised.

The construction contended for involves the apparent absurdity of holding that this court, although constituted with authority to review questions of law, among which those relating to the probative force of evidence are not of small number, is nevertheless deprived of such authority by the decision of the Board of General Appraisers in admitting and considering improper evidence, and that the party injured thereby is deprived of the right of review thereof and relief therefrom.

It is clear that such an interpretation should not be given to the statute, unless it conclusively appears that the Congress so intended.

We think the provisions of subsection 12, above quoted, should be considered in interpreting the language of subsection 29 under consideration. In the former subsection it is provided that the board shall have power to establish rules of evidence, practice, and procedure, not inconsistent with the statute, as may be deemed necessary for the conduct and uniformity of its proceedings and decisions, and for the production, care, and custody of samples and records of the board.

It is manifestly a purpose of the statute to clothe the Board of General Appraisers with authority to establish such rules as will tend to facilitate the transaction of its business, preserve its records, and promote uniformity in its decisions, all of which is essential to a tribunal charged in the first instance with the duty of interpreting those provisions of the statute law by virtue of which great revenues are derived to the Government and concerning which the attainment of these purposes is imperatively demanded.

It is equally the purpose of the statute to vest in this court the power to review both questions of law and findings of fact, with all that this implies, to the end, among other things, that the rights of all parties may be safeguarded, and certainty and, if possible, uniformity in decisions touching all the varied provisions of the tariff law may be attained.

We have already held in Stegeman *v.* United States (1 Ct. Cust. Appls., 208, T. D. 31240), that one purpose of the act of which the sections referred to are a part was to provide for a review of the decisions of the Board of General Appraisers upon questions of law and fact by means of an appeal to this court and that it was not intended that a trial *de novo* should be had here.

In pursuance of this purpose, it is required that the record of evidence taken before the board shall be certified to this court, and that all the evidence taken before the board shall be competent here.   The word "competent" was not used in this connection in the technical sense claimed by the importers, but as a word of authorization to this court, that is, to signify that instead of resorting to the expedient of taking testimony anew, it is competent—that is, admissible—for this court to resort to and consider the testimony taken by the board.   It was not the purpose to clothe such testimony which was received contrary to the rules of law governing its admissibility with any new quality or to give it probative force which it did not inherently possess and which it did not possess before the board.   Any such construction of this provision would render it wholly inconsistent with other provisions of the act which clothe this court with power to review the questions of law and fact passed upon by the board.

The case of Knauth, Nachod & Kuhne *v.* United States (155 Fed. Rep., 144), heard in the Circuit Court for the Southern District of New York, is much relied upon by the importers in this case.   In that case Platt, Judge, considered what weight should be given to the evidence taken in another case, which under objection was received in evidence and made a part of the record in the case before him for review, and which evidence he was of opinion should not have been admitted by the Board of General Appraisers because the parties in the two cases were not the same, the issue was different, and no opportunity for cross-examination had been afforded.   Referring to section 15 of the customs administrative act of June 10, 1890, which contains language identical with that in subsection 29 above quoted and upon which the importers here base their contention, he said, referring to that objected evidence: "Having been admitted and having become by operation of section 15 of the customs administrative act   *   *   *   competent evidence in this court, I am nevertheless compelled to give it very slight weight in view of the preceding considerations."

It is evident that the learned judge, if he concluded that by force of the statute any new character of relevancy had been given to the

objected evidence by reason of the fact that the board had admitted the same, which may be doubted, nevertheless considered that in its such new status it was in fact of little, if any, probative force, and from the language of the opinion it would seem that he really considered it incompetent and in fact gave it no weight.

In United States v. Hempstead & Son (153 Fed. Rep., 483), and while the same act was in force, the Circuit Court for the Eastern District of Pennsylvania held that a letter which the board had received in evidence, which was contained in the record certified to the court, and by which the court said the decision of the board was apparently much influenced, was not competent evidence, should not have been considered, and refused to consider the same.

In James F. White & Co. v. United States (154 Fed. Rep., 175), heard in the Circuit Court for the Southern District of New York, Wheeler, Judge, in considering the same provision said in substance that this provision related to what should constitute the record on appeal to the circuit court, that "there is no provision for any relaxation of the ordinary rules of evidence in taking proofs, for use in courts or anywhere, by the appraisers," and rejected certain ex parte affidavits as to component material of chief value which had been taken before a general appraiser as a referee appointed to take further evidence to be returned to the court under the law then in force.

If any conclusion favorable to the importers' contention may be reached from the case first above cited, we think it is at least fairly offset by the two decisions last above referred to, so that we are not embarrassed by the supposed controlling force of the decision of any court upon the question.

In connection with this subject we have also considered Mendelson v. United States (154 Fed. Rep., 33) and United States v. Downing (146 Fed. Rep., 56).

It is well said in Greenleaf On Evidence (Vol. I, sec. 14), that whether evidence is or is not relevant, that is, whether it possesses probative value, is a matter of logic and reason. But it is apparent that the importers' contention here would be to substitute for this rule a legislative fiat which reason can not sustain, and we have no hesitation in holding that the contentions made by the importers under their first point, as hereinbefore set forth, can not be sustained.

The importers, however, as above appears, further urge that Exhibit 1 is admissible in evidence, because it is a declaration made by a foreigner before a vice consul of the United States regarding the interest of an American citizen under the provisions of section 1707 of Revised Statutes, although not under oath. The applicable part of this statute is as follows:

SEC. 1707. Consuls and vice consuls shall have the right in the ports and places to which they are severally appointed, of receiving the protests or declarations which captains, masters, crews, passengers, or merchants, who are citizens of the United

States, may respectively choose to make there; and also such as any foreigner may choose to make before them relative to the personal interest of any citizen of the United States.  Copies of such acts duly authenticated by consuls, or vice consuls, under the seal of their consulates, respectively, shall be received in evidence equally with their originals in all courts in the United States.

This statute evidently provides that consuls or vice consuls may receive such declarations or protests as a foreigner may choose to make relative to the personal interest of any citizen of the United States, and that when duly certified the same or copies thereof shall be received in evidence.  It undoubtedly refers to protests · or declarations relating to imported merchandise, but without undertaking to decide this question or to indicate precisely what is meant by the statute, it is sufficient so far as relates to any issue here to say that the view most favorable to the importers is that Exhibit 1 purports to be a certificate of the maker of thymol that no alcohol was used in the preparation thereof by him.  It was attached to the consular invoice and therefore was presumably considered by the collector in classifying the merchandise.  To hold that in this court it has sufficient probative force to overcome the presumption of the correctness of the classification of the collector is to give to an unsworn *ex parte* statement all the probative force that a deposition under oath with opportunity afforded for cross-examination of a witness would be entitled to receive.

An examination, however, of the exhibit discloses that of itself it does not show that the merchandise in this case was made by or procured from Anton Deppe Sohne.  It is not even addressed to the importers in this case; there is nothing about it to show that it has any connection with the case at bar, except that it is attached to the consular invoice, and whether it was designed to be attached thereto or to some other invoice does not appear except by inference, and the record in the case is equally silent in all these respects.

Assuming without deciding that Exhibit 1 is made admissible in evidence by virtue of the statute above referred to, we hold that it does not overcome the presumption of the correctness of the collector's classification.

It can not well be claimed that this exhibit is of greater probative value than a statement, if one was made, in the invoice itself, to the effect that alcohol was not used in the preparation of the thymol, and it is manifest that such a statement in no wise corroborated would be insufficient to impeach the correctness of the collector's classification.

The importers also subject to the objection of the Government concerning which error is alleged here introduced testimony to the effect that the thymol covered by this invoice was in 10 cases, that the entire purchase covered 20 cases, of which 10 were imported

about a month or six weeks after the importation at bar, which later importation was classified as a chemical compound in the preparation of which alcohol was not used, and that in 1910 they imported shipments of thymol made at the same factory as the merchandise at bar, which was also classified in the same manner as the importation last above referred to.

The importers claim that this evidence tends also to sustain its contention here. We think it does not, and that it ought not to have been admitted by the board.

As to the importation made in 1910 there is no evidence of record whether alcohol was or was not used in its preparation, therefore its classification could not in any event be relevant here. As to the 10 cases which were a part of the original purchase in the case at bar and subsequently imported, the most that can be claimed from its assessment as a nonalcoholic chemical compound is that either in the classification thereof or in the classification of the 10 cases involved here the collector made a mistake, but in which case the mistake was made we are not required to decide.

The only question here is whether the importers produced before the board sufficient evidence to overcome the presumption which the law makes that the collector has correctly classified the importation. No evidence other than that we have above considered was offered jor that purpose.

In view of what we have already said we hold that the evidence offered before the board was not sufficient to sustain the importers' protest.

There is, however, a motion that this case be remanded to the Board of General Appraisers for the purpose of taking further evidence in the event the decision of the board is not affirmed, and a request to that effect is embodied in the printed brief. It is urged that the importers had a right to understand that their offered evidence having been received and considered by the board justified them in assuming that they had made out a prima facie case and sufficient to overcome the classification of the collector, especially in view of the fact that the Government introduced no evidence. In other words, that they have been lulled into a false sense of security by the error of the board.

The general rule applicable to this question is broadly stated to be that—

Whenever it appears to be necessary for the purposes of justice, the appellate court will remand for such further proceedings as the circumstances of the particular case may require. (3 Cyc., 454.)

It seems to us that this case merits the application of this rule, and, therefore, the judgment of the Board of General Appraisers is *reversed* and the cause remanded for new trial agreeably to the views herein expressed.