The judgment of the United States Customs Court is *affirmed*.

UNITED STATES *v.* C. J. HOLT & Co., INC. (No. 3242)[1]

United States Court of Customs and Patent Appeals, January 15, 1930

*Charles D. Lawrence*, Assistant Attorney General (*James R. Ryan* and *Ralph Folks*, special attorneys, of counsel), for the United States.
*James W. Bevans* for appellee.

[1] T. D. 43822.

[Oral argument December 10, 1929, by Mr. Folks and Mr. Bevans]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

BLAND, Judge, delivered the opinion of the court:

This is an appeal from the judgment of the United States Customs Court sustaining the protest of appellee against the action of the collector in disallowing a claim for drawback on motion-picture films printed upon the raw-stock film.

The notice of intent to export with benefit of drawback was dated March 17, 1926, and the clearance of the exporting vessel was on March 18, 1926. Afterwards, on March 26, 1928, drawback entry for imported merchandise, manufactured and exported, was filed with the collector.

It seems to be conceded that all the regulations of the Secretary of the Treasury, made in pursuance of authority granted by section 313 of the Tariff Act of 1922 for drawback, were fully complied with, and such compliance was sufficient to entitle appellee to drawback, except that the drawback entry was filed more than two years after the date of the clearance of the exporting vessel, which was, by the collector, regarded as a failure to comply with article 976 of the Customs Regulations of 1923. The collector's refusal to allow drawback was based entirely upon the fact that the drawback entry was not filed within the time limit prescribed in the regulation.

Appellee protested the decision of the collector refusing to allow drawback, whereupon the collector transferred all papers in accordance with the law to the United States Customs Court.

At the trial the affidavits and papers in the case were moved into the record by appellee's counsel over the objection of the Government. No other evidence was introduced. Appellee there contended that the affidavits and papers had been sufficient for the collector on the questions of manufacture, etc., and that his objections did not go to their insufficiency but to the time limit for filing drawback entry, and that the question before the court then was solely a question of law as to whether or not the collector's refusal on account of the time limit in the Treasury regulations was in accordance with law.

While the Government contended that the collector was justified in refusing drawback on account of the failure of appellee to comply with the Treasury regulations as to the 2-year limitation, it also moved to dismiss the protest for the reason that there was not sufficient evidence to support a judgment reversing the collector's action. Both parties make here the same contentions that were made in the court below.

A majority of the first division of the court below sustained the protest, holding that the time-limit provision in the Treasury regulations amounted to a statute of limitations which the law did not

authorize, and that appellee had a right to drawback regardless of the 2-year limitation, and furthermore held that the question before the collector was the only question before the court and that the affidavit and other record proof, being sufficient for the collector, was sufficient for the court.

As the case is presented here, it offers but two questions:

First, are affidavits and other papers showing manufacture, exportation, etc., which are authorized, prescribed, and required by the Secretary of the Treasury for the purpose of obtaining drawback by an exporter of goods manufactured in whole or in part from imported material, evidence of the facts therein contained sufficient to support a judgment upon trial of the issue upon protest in the United States Customs Court?

Second, is the time-limit provision prescribed by the Secretary of the Treasury a valid regulation?

Our answer to the first question will make it unnecessary to decide the second one.

We think the first question is decided and answered in the negative by this court in the following cases: *Eidlitz & Son (Inc.), as Agent* v. *United States*, 12 Ct. Cust. Appls. 56, T. D. 39998; *Borgfeldt & Co.* v. *United States*, 11 Ct. Cust. Appls. 421, T. D. 39433. See also *United States* v. *National Aniline & Chemical Co.*, 3 Ct. Cust. Appls. 10, T. D. 32287, and *United States* v. *Thomas*, 3 Ct. Cust. Appls. 142, T. D. 32385. These decisions go to the effect that the Secretary of the Treasury is not authorized to prescribe the character of proof required in proving issues before the trial court, and in our view of the case the Secretary of the Treasury has not attempted to do so but has prescribed the character of proof required to make a prima facie showing as far as the collector is concerned.

Under the authorities above cited, from which quotation is unnecessary, we hold that there is not sufficient evidence in the record of a compliance with the provisions of section 313 for support of a judgment in behalf of appellee.

The Government moved at the proper time to dismiss the protest for this reason. Appellee refused to produce any further evidence. By this motion and the colloquy which occurred between the justices and counsel at the trial, appellee was fully warned that in his refusal to submit further evidence (if he could have produced it) he was taking considerable chance of jeopardizing his client's interests.

The Government assigned as error the action of the court below in refusing to grant its motion to dismiss the protest on the insufficiency of the evidence and that there had been no proof of manufacture in compliance with the regulations. The refusal of the court below to sustain such motion, under the authorities cited, was error and its judgment is *reversed*.