### LEHIGH MFG. CO. v. UNITED STATES.

(Circuit Court, E. D. Pennsylvania. February 28, 1907.)

#### No. 50 (1,772).

1. CUSTOMS DUTIES—CLASSIFICATION—FINISHED CASTINGS.

The provision for "castings" in Tariff Act July 24, 1897, c. 11, § 1, Schedule C, par. 148, 30 Stat. 163 [U. S. Comp. St. 1901, p. 1640], does not include cast-iron machinery parts, which have been drilled, bored, planed, fitted, and finished.

[Ed. Note.—Interpretation of commercial and trade terms in tariff laws, see note to Dennison Mfg. Co. v. United States, 18 C. C. A. 545.]

**2. SAME—APPEAL—FAILURE TO OFFER EVIDENCE BEFORE GENERAL APPRAISERS.**

If an importer desires to have his case heard by the Board of General Appraisers without evidence, on the facts presented to the board by the collector of customs, he may submit it in that form; and on appeal from the board to the Circuit Court, the fact that no evidence was introduced before the board or in the Circuit Court is not ground for dismissal of the appeal.

On Application for Review of a Decision of the Board of United States General Appraisers.

The Board of General Appraisers, on the authority of former decisions by the board—G. A. 1,410 (T. D. 12,814), and G. A. 5,397 (T. D. 24,604)—affirmed the assessment of duty by the collector of customs at the port of Philadelphia. The articles in controversy were described in the reports made by the collector in transmitting the importers' protests to the board as consisting of "parts of a lace-curtain machine, drilled, bored, planed, fitted, and finished beyond the condition or appearance of castings," and as having been classified for duty as manufactures of metal under Tariff Act July 24, 1897, c. 11, § 1, Schedule C, par. 193, 30 Stat. 167 [U. S. Comp. St. 1901, p. 1645], against the importers' contention that they should have been assessed under the provision for "castings" in the paragraph 148, 30 Stat. 163 [U. S. Comp. St. 1901, p. 1640]. No evidence was introduced by the importers before the board or in the Circuit Court.

Hatch, Keener & Clute (Walter F. Welch, of counsel), for importers.
Jasper Yeates Brinton, Asst. U. S. Atty.

HOLLAND, District Judge. It is urged by the government in this case that the court should dismiss the appeal, because no evidence was taken at all before the Board of General Appraisers or on the appeal. The importer, however, insists that sufficient facts appear in the certificate of the collector to enable the board and the court to pass upon the questions involved, and he is entitled to be heard. In this view we think the importer is right. If he concludes that his case can be properly heard without any evidence, there is nothing in the law to prevent him from submitting it in that form. In this case, however, the record shows that the classification of the collector was correct.

It was approved by the Board of General Appraisers, and its findings are affirmed.