JOHN BROMLEY & SONS v. UNITED STATES.

(Circuit Court of Appeals, Third Circuit. November 11, 1907.)

No. 9 (1,773).

CUSTOMS DUTIES—CLASSIFICATION—FINISHED CASTINGS.

Iron castings, which by careful additional work have been fitted as parts of machines, are no longer dutiable as "castings," under Tariff Act July 24, 1897, c. 11, § 1, Schedule C, par. 148, 30 Stat. 162 [U. S. Comp. St. 1901, p. 1640], but have been advanced to the condition of "articles * * * of iron * * * partly * * * manufactured," under paragraph 193, 30 Stat. 167 [U. S. Comp. St. 1901, p. 1645].

Appeal from the Circuit Court of the United States for the Eastern District of Pennsylvania.

For decision below, see 154 Fed. 399, affirming a decision of the Board of United States General Appraisers, which had affirmed the assessment of duty by the collector of customs at the port of Philadelphia.

Hatch & Clute (Walter F. Welch, of counsel), for importers.
Jasper Yeates Brinton (J. Whitaker Thompson, U. S. Atty., on the brief), Asst. U. S. Atty.

Before DALLAS, GRAY, and BUFFINGTON, Circuit Judges.

BUFFINGTON, Circuit Judge. John Bromley & Sons, the appellants, bought certain lace machines from one Jardine, an English lace machine manufacturer. The machines were shipped in parts, each of which parts was numbered with the individual number of the machine for which it was made. The parts here in question are standards for shafts and bed plates supporting such standards, and were described by Jardine in his invoice affidavits as "castings forming parts of machines sold by me to John Bromley & Sons, Philadelphia." The collector, and his action has been sustained by the Board of Appraisers and the Circuit Court, classified them, under paragraph 193 of the tariff act (Act July 24, 1897, c. 11, § 1, Schedule C, 30 Stat. 167 [U. S. Comp. St. 1901, p. 1645]) as "Articles * * * composed wholly * * * of iron * * * partly * * * manufactured." From the decree of the Circuit Court so holding, the importers have ap-

pealed, claiming they should be classified, under paragraph 148, as "Castings of iron not specially provided for."

We find no error in the Circuit Court's decree. While a cast-iron article always remains a casting of iron, no matter to what further process it may be subjected, and so falls under the general term of castings of iron, yet, under the proofs in this case, we are clear that these standards and bed plates are not "castings of iron not specially provided for" in the tariff law, but fall within the letter and spirit of section 193 as being articles composed wholly of iron partly manufactured. They were found by the board to be "parts of the machines of which they formed integral parts and in the values of which their values are included." They were cast by patterns and drawings to form parts of a machine; the standards were drilled to receive shafts and to provide for bolting to the plates; and the plates were cut or machined across their faces to level them as standard seats. Holes were drilled and threaded in the plates so as to align with the bolts of the standards, and other holes were drilled, through which the machine as a whole was clamped to the floor. Indeed, the testimony on behalf of the importer shows:

"The order for the machinery is given and all these articles are supposed to come to complete the machine." The work in this country is to "just fit and level them up." "No boring is done here." They are "all fitted and ready to be put up." "The exhibit belongs to the finished castings class."

In view of the careful work thus expended on them to fit them as parts of valuable machines, we are clear their character as mere castings had merged into the higher mechanical plane of a manufactured article.

The appeal is dismissed.