UNITED STATES *v.* SHERMAN & SONS Co. *et al.* (No. 1482). UNITED
   STATES *v.* WILSON & SON (No. 1483). UNITED STATES *v.* SCHLOSS
   (No. 1484). UNITED STATES *v.* SACHS & Co. *et al.* (No. 1485),
   UNITED STATES *v.* IKLE FRERES & Co. (No. 1486).[1]

FIGURED WOVEN COTTON GOODS.
   "Cotton cloth woven figured in the piece" is more specific in describing the goods here than "manufacturers of cotton, Jacquard figured." "Cotton cloth woven figured" exactly describes the merchandise, and this is "in the piece." The provisions for cotton cloth in paragraph 252, tariff act of 1913, as defined in paragraph 253, control.

United States Court of Customs Appeals, May 24, 1915.

APPEAL from Board of United States General Appraisers, G. A. 7618 (T. D. 34858),

   [Affirmed.]

   *Bert Hanson,* Assistant Attorney General (*Charles E. McNabb,* assistant attorney, of counsel), for the United States.
   *Currie, Smith & Maxwell* (*Thomas M. Lane* of counsel) for appellees in 1482; *Walden & Webster* for appellees in 1483; *Comstock & Washburn* (*Geo. J. Puckhafer* on the brief) for appellees in 1484; *Brooks & Brooks* for appellees in 1485; *Allan R. Brown* for appellees in 1486.

---

[1] Reported in T. D. 35501 (28 Treas. Dec., 1004).

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, judges.

BARBER, Judge, delivered the opinion of the court:

The merchandise in each of these cases is woven cotton shirting cloth and woven cotton dress goods, all in the piece, in which figures are produced in the weaving process by means of a Jacquard attachment to the loom.

It was assessed for duty at 30 per cent ad valorem under the last clause of paragraph 258 of the act of 1913, and is claimed by the importers to be dutiable at the appropriate rate, according to the average number of the yarn and other specified conditions, under the provisions for cotton cloth found in paragraph 252 of that act as defined in paragraph 253. The Board of General Appraisers sustained the protests.

There is no disputed question of fact, the sole issue being that of law as to whether these fabrics are dutiable as assessed or as held by the board.

We quote the material parts of the respective paragraphs:

252. Cotton cloth, not bleached, dyed, colored, stained, painted, printed, woven figured, or mercerized. * * * Cotton cloth, when bleached, dyed, colored, stained, painted, printed, woven figured, or mercerized. * * *

253. The term cotton cloth, or cloth, wherever used in the paragraphs of this schedule unless otherwise specially provided for, shall be held to include all woven fabrics of cotton, in the piece, whether figured, fancy, or plain, and shall not include any article, finished or unfinished, made from cotton cloth. * * *

258. Curtains, table covers, and all articles manufactured of cotton chenille, or of which cotton chenille is the component material of chief value, tapestries, and other Jacquard figured upholstery goods, composed wholly or in chief value of cotton or other vegetable fiber; any of the foregoing, in the piece or otherwise, 35 per centum ad valorem; all other Jacquard figured manufactures of cotton or of which cotton is the component material of chief value, 30 per centum ad valorem.

The cases have been ably argued and fully considered. The precise issue is whether the term "Jacquard figured manufactures of cotton or of which cotton is the component material of chief value" in paragraph 258 is a more specific description of the merchandise here than is the term "cotton cloth, woven figured, including all woven fabrics of cotton, in the piece, whether figured, fancy, or plain, not otherwise specially provided for," which is really the description of cotton cloth when the portions of paragraphs 252 and 253 defining cotton cloth are assembled for the purpose of obtaining a description of the merchandise dutiable thereunder.

A determination of the question of relative specificity does not seem to us to be difficult. "Cotton cloth" is manifestly a more precise description of the goods in suit than is the term "manufactures of cotton"; not only is it more precise, but "cotton cloth, woven figured" is an exact description thereof and the merchandise is "in the piece," which also answers the call of the statute. The words

"whether figured, fancy, or plain" are potential as emphasizing the legislative intent that cotton cloth should include all cotton cloth in the piece, woven figured, as well as that which was fancy or plain, unless otherwise more specifically provided for. On the other hand, the term "Jacquard figured manufactures of cotton" manifestly is the broader term. While cotton cloth is a manufacture of cotton, many other articles are also manufactures of cotton. We are not disposed to give any greater force to the expression "Jacquard figured manufactures of cotton" than as if it read "manufactures of cotton or of which cotton is the component material of chief value, Jacquard figured." This arrangement shows what we think must be plain that the real competition is between "cotton cloth, woven figured, in the piece" and "manufactures of cotton, Jacquard figured." Construed in this view as we have indicated "cotton cloth, woven figured" more closely describes the merchandise here than "manufactures of cotton, Jacquard figured," because "manufactures" is much the broader term. Heddon *v.* Robertson (151 U. S., 520), United States *v.* Vandergrift (3 Ct. Cust. Appls., 161; T. D. 32457).

Further discussion seems to be unnecessary in this case in view of the careful consideration of substantially the same question in the recent case of Wilson & Son *v.* United States (6 Ct. Cust. Appls., 271; T. D. 35476), opinion by Smith, Judge. See also Carter & Son *v.* United States (6 Ct. Cust. Appls., 253; T. D. 35475).

The judgment of the Board of General Appraisers is *affirmed.*