## LORD & TAYLOR *v.* UNITED STATES (No. 1882).[1]

1. PROTEST AGAINST RELIQUIDATION.

It is incumbent upon one who protests against an original liquidation to show error in the liquidation *and the correctness of the assessment claimed.* A protest against reliquidation, claiming that the collector has not reliquidated pursuant to the decision of the Board of General Appraisers, is established when that fact conclusively appears.

2. RELIQUIDATION—COLLECTOR'S DUTY.

Protest claiming classification of cotton cloth under paragraph 252, tariff act of 1913, according to yarn number, was sustained by the Board of General Appraisers without any finding as to yarn number or direction to the collector regarding such finding. It was the duty of the collector to find the yarn number as directed by paragraph 253 and the regulations of the Treasury Department. Protest against his reliquidation at the highest rate provided for in paragraph 252, without such finding, should have been sustained.

### United States Court of Customs Appeals, April 13, 1918.

APPEAL from Board of United States General Appraisers, G. A. 8102 (T. D. 37389).

[Reversed.]

*Comstock & Washburn (Albert H. Washburn* and *Geo. J. Puckhafer* of counsel) for appellants.

*Bert Hanson,* Assistant Attorney General (*Martin T. Baldwin,* special attorney, of counsel), for the United States.

---

[1] T. D. 37610 (34 Treas. Dec., 359).

[Oral argument Feb. 12, 1918, by Mr. Washburn and Mr. Hanson.]
Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

BARBER, Judge, delivered the opinion of the court:

Certain figured cotton cloth was imported by appellants here and returned and assessed for duty as Jacquard figured manufactures of cotton at 30 per cent ad valorem under paragraph 258 of the tariff act of 1913. The importers protested this assessment, claiming the merchandise to be dutiable at the appropriate rate under paragraph 252 as cotton cloth.

Pending hearing upon this protest the Board of General Appraisers in another case—see G. A. 7618 (T. D. 34858), decision in which was affirmed in this court in United States v. Sherman & Sons Co. et al. (6 Ct. Cust. Appls., 271; T. D. 35501)—decided a similar claim made by other importers in their favor.

Consequently when the above-mentioned protest came on for hearing before the board it was sustained, and after referring to the Sherman case the board in its opinion said:

Following said decision we hold that the merchandise is dutiable at the appropriate rate under paragraph 252, and as to said merchandise the protests are sustained.

The board did not, however, determine the average number of the yarn entering into the cotton cloth in question, a knowledge of which is indispensable to the ascertainment and assessment of duty under said paragraph. Neither does it appear that by mandate or otherwise any direction was given to the collector as to the reliquidation of duties other than that which is contained in the above-quoted language, nor are we otherwise or further advised as to what proceedings were had before the board or what, if any, evidence was heard by it.

Thereafter the collector reliquidated. Being dissatisfied therewith, the importers again protested, and we quote the relevant part of the protest:

You have failed to follow the mandate of the Board of General Appraisers in not reliquidating these entries at the appropriate rate according to the average number of the yarn contained therein. You should have reliquidated these entries and assessed duty at the appropriate rate according to the average number of the yarn contained therein under paragraph 252.

 *          *          *          *          *          *          *

The offer is hereby made to furnish evidence to the Board of United States General Appraisers upon reasonable notice from them of the facts involved and in support of the contentions herein.

The collector in making his reliquidation assessed the merchandise at the highest rate provided in paragraph 252, which is based on an average yarn number of 99, a number higher, as we understand, than any set up in the invoices, and his reasons for that course are best expressed in his own language contained in his report to the

Board of General Appraisers, which is embodied in the record here, the relevant part of which we quote:

· The reliquidation against which this protest has been lodged was made in pursuance of the decision of your board * * * wherein it was held that certain merchandise was not dutiable as Jacquard figured manufactures of cotton, as originally assessed under paragraph 258, but was in fact cotton cloth dutiable under paragraph 252. No specific finding of yarn number and other conditions necessary to fix appropriate rate under paragraph 252 was made and this office, being without authority to go outside of the board's decision or consider any data not supplied by the record made before the board, classified the merchandise in question as "cotton cloth under paragraph 252" and assessed duty at 30 per cent, the rate applicable for such merchandise counting over 99 threads and, as this rate is the same as that originally charged, the entries were reliquidated without change or refund of duty.

Thereafter in due course this protest against the reliquidation came on for hearing before the board. Thereat the importers offered in evidence the decision of the board first mentioned, saying: "Our contention is that the collector did not follow the decision." No objection to this offer was made by the Government, the decision was received in evidence, no further proof was presented by either party, and the case submitted.

From the opinion of the board rendered upon this state of facts, we learn that the importers claimed that the condition, weight, and value of the goods, as well as the average number of the yarn contained therein, were fully set forth in the invoices; that the truth and accuracy of said statements at no time had been challenged or questioned by the Government and that therefore it was the duty of the collector to accept as true the invoice description of the merchandise and to reliquidate the entries accordingly, even though no corroborative proof was offered by the importers that the descriptions were correct and no samples of the goods introduced in evidence. They evidently contended a like duty was imposed upon the board.

A majority of the board overruled the protest, one member thereof dissenting, and the decision of this case below turned wholly upon the legal question supposed to be raised that the duty of the collector was as stated by the importers.

The case has been argued here by the importers upon substantially the same theory, the soundness of which is denied by the Government.

As already stated, it was indispensable in order to determine the exact rate of duty applicable to cotton cloth under paragraph 252 to know the average number of the yarn of which it was composed and the statute (par. 253) declares the method of such ascertainment. It provides that the entire fabric and all parts thereof shall be included and further that—

The average number of the yarn in cotton cloth herein provided for shall be obtained by taking the length of the thread or yarn to be equal to the distance covered by it

in the cloth in the condition as imported, except that all clipped threads shall be measured as if continuous; in counting the threads all ply yarns shall be separated into singles and the count taken of the total singles; the weight shall be taken after any excessive sizing is removed by boiling or other suitable process.

The Treasury Department has prepared and published regulations for determining the average number of the yarn and has directed that samples thereof shall be forwarded to the appraiser at New York, stating that great care should be taken to ascertain the exact count, measure, and weight of each sample. It has prepared elaborate tables designed to assist in such determination. (See T. D. 33823.)

The Board of General Appraisers has considered and approved this method. G. A. 7881 (T. D. 36304); G. A. 7904 (T. D. 36386). In these cases it held that Congress did not intend to levy duty according to the precise number of the yarn used in manufacturing the cloth, but had rather established an arbitrary method for determining the rate of duty, but which took into consideration the number of the yarn. It has also in some opinions ascertained and stated the average number of the yarn. G. A. 7618 (T. D. 34858), G. A. 7881 (T. D. 36304), and G. A. 7904 (T. D. 36386).

If in the case at bar the board had made a similar ascertainment the collector would not have been confronted with the assumed difficulty in reliquidation which has resulted in this appeal.

But we think fairly interpreted the decision of the board in directing the reliquidation of these entries was designed to direct the collector to reliquidate conformably to the statute and to the regulations of the Treasury Department. The average number of the yarn not having been determined by the board and no finding as to the precise applicable rates of duty having been made by it, we think the duty was cast upon the collector to ascertain the average number of the yarn in the manner pointed out by the statute, in the execution of which, so far as appears in this case, it would be his duty to follow the departmental regulations touching that subject.

It is presumable here that there were samples of the merchandise or that the same could be obtained, and nothing to the contrary appears or is claimed. The collector's report to the board inferentially indicates that he has some data upon which he may proceed. The Treasury regulations require appraising officers to retain samples of the merchandise and the transmission thereof to the Board of General Appraisers in the event of protest. See Customs Regulations of 1915 (arts. 646, 647, and 649). Article 646 provides that if samples have not been retained they shall be furnished to the collector by the protestant and transmitted to the appraiser for verification, and it also provides that in certain cases where the retention of samples is impracticable there shall be a report by the proper customs officials containing a full and accurate description of the merchandise

involved. Not only this, but the statute (see sec. 3, par. Q) contemplates the existence and provides for the preservation of samples of imported merchandise.

The statute further provides and requires that in the case of protest from his decision "the collector shall transmit the invoice and all the papers and exhibits connected therewith" to the Board of General Appraisers for due assignment and, no appeal to this court being had, that the determination of the board "shall be final and conclusive upon all persons interested," whereupon the record is to be transmitted to the proper collector and reliquidated pursuant to the board's decision. (Tariff act of 1913, sec. 3, par. N.)

The procedure therein pointed out, we think, is not complex or difficult of understanding. Where the board in cases under paragraph 252 has determined the average number of the yarn, the collector's duty would be discharged by reliquidating upon the basis of such determination, and where the board, as in its decision of the original protest here, has omitted to make such a finding, it manifestly devolves upon the collector to ascertain the average number of the yarn pursuant to the provisions of the statute, and it is obvious that samples would afford the means to do this.

In the case at bar this has not been done. The importers are thereunto entitled, and therefore we think the board should have entered an order sustaining this protest and directing the collector to reliquidate pursuant to the statute.

It will be noted that this case differs from that of a protest against an original liquidation in that the protestants' claim here is that the collector has not reliquidated pursuant to the board's direction. This protest is established when that fact conclusively appears, as in this case, while in a protest against an original liquidation importers must not only prove error therein, but must also establish the correctness of the assessment for which they contend. That the merchandise here involved is dutiable under paragraph 252 and not, as in the first instance, assessed by the collector, was established by the importers under their first protest.

While the real issue raised by the protest here is, as already pointed out, that the collector has not reliquidated as directed by the board, a somewhat mooted question assumed to be involved is how the collector should in fact have reliquidated, and the argument before the board and here seems in large measure to have overlooked the former in a desire to obtain decision of the latter.

It seems unnecessary to indulge in any lengthy discussion as to how the collector should, in fact, reliquidate these entries. It does not appear that such reliquidation can not be made on proper samples or other legally ascertainable facts such as will permit of a just reliquidation according to law. The collector may find the average

number of the yarn to be the same as or different from that stated in the invoices or he may accept the invoices as correct in that particular.

The importers urge that the invoice statements have not up to date been challenged by any customs officials. But what of it? There has been no occasion either to challenge or admit their truth, to reject or to accept them. So far they have not been considered. When the merchandise was first assessed and the entry liquidated, it was upon a statute that in no way involved or required consideration on the part of the customs officials as to the correctness of any invoice statement relating to the number of the yarn in the cloth. Therefore, such statement naturally would not be considered. The Board of General Appraisers in its original decision did not adopt the average number of the yarn as set out in the invoices. Evidently it did not intend to direct the collector to reliquidate upon the basis thereof, because, if so, it would have so stated or would have found the same to be correct.

Such examination as we have given the subject indicates that invoices and the papers required by law to be filed in connection therewith upon entry of imported merchandise are for the assistance and advisement of customs officers in the collection of estimated duties, which, generally speaking, must be paid before the goods can be delivered to the importer.

In Kimball v. Collector (10 Wall., 77 U. S., 436) the court discussed at considerable length customs procedure upon entry. It pointed out that estimated duties were ordinarily based upon invoice value and quantity, but that subsequent proceedings conformably to law were essential to the ends of justice, for, said the court, "computations based solely upon the invoice value and quantity will seldom prove to be correct." See also, in this connection, Cramer v. Arthur (12 Otto; 102 U. S., 612), Hoeninghaus v. United States (172 U. S., 622), Sampson et al. v. Peaslee (20 How., 61 U. S., 571), and Prosser v. United States (1 Ct. Cust. Appls., 29; T. D. 30850).

We think, as already stated, that reliquidation has not been had as directed by the board or as required by law, but the collector by reason of his misapprehension as to the effect of the board's decision has adpoted an arbitrary unit of assessment without attempting to ascertain the facts. If the judgment of the board be affirmed, the reliquidation may or may not be just. Importers and the Government are entitled to a lawful reliquidation and nothing more.

Upon this state of the record we think the better course is to remand the cause with direction that reliquidation be had under paragraphs 252 and 253 according to law, a course adopted by us in the somewhat analogous case of General Electric Co. v. United States (7 Ct. Cust. Appls., 484; T. D. 37159).

Therefore it is ordered that the judgment of the Board of General Appraisers sustaining the collector's reliquidation be, and hereby is, reversed, and the cause remanded with instructions that further proceedings be had pursuant to the views herein expressed.

*Reversed.*