UNITED STATES v. BEER.

(Circuit Court, S. D. New York. November 3, 1905.)

No. 4,014.

CUSTOMS DUTIES—APPRAISEMENT—EXAMINATION OF MERCHANDISE.

An importer received two lots of the same kind of merchandise within a few months. The first, being advanced in value by the appraiser, was the subject of reappraisement on appeal by the importer, which resulted in the affirmance of the advance, and further reappraisement was waived by the importer. The appraiser also advanced the value of the later shipment, without any examination of the merchandise itself or of samples thereof, though he did duly examine at least one package in ten of the invoice, as required by section 2614, Rev. St. [U. S. Comp. St. 1901. p. 1804]. *Held*, that this appraisement was void.

On Application for Review of a Decision of the Board of United States General Appraisers.

For decision below, see G. A. 6,035 (T. D. 26,354), which reversed the assessment of duty by the collector of customs at the port of New York on part of an importation by Henry S. Beer.

The facts of the case and the nature of the controversy appear from the opinions of the Board of General Appraisers, which are as follows:

HAY, General Appraiser. The facts in this case are as follows: The importer, who is the protestant, brought into the port of New York a large invoice of lace goods from St. Gall, Switzerland. The invoice is voluminous and embraces many different varieties of goods. Fifteen cases in all are stated upon this invoice. Of this number five were taken to the public stores and examined. Case No. 2,398, which contained curtains, was not taken to public stores, and its contents not examined by the appraiser. The entered value of these curtains was advanced by that officer. The testimony shows, and this is corroborated by the invoice description, that the goods in this case differed materially from those contained in the cases that were sent to public stores and examined, as none of the examined cases contained curtains.

The protestant claims that the action of the appraiser in advancing the value of these goods was erroneous and void, for the reason that he did not have them before him and was in no position to place upon them a value other or different from that at which they were entered; that for this reason the assessment of duty was upon a wrong value; and asks that the entry be reliquidated in so far as this case of goods is concerned, and duty assessed on the entered value.

The question presented is one properly raised by protest. If the local appraiser proceeded upon a wrong principle or contrary to law in ascertaining the market value of imported merchandise, his action in this respect is reviewable upon protest. Passavant & Co.'s Case, G. A. 4,074 (T. D. 18,949), and Eisenbach Bros. & Co.'s Case, G. A. 5,090 (T. D. 23,558).

There is a clear line of demarcation between the action of the local appraiser and the action of a General Appraiser and the function which each performs in passing upon the value of imported merchandise. In Curnen & Stiner's Case, G. A. 5,720 (T. D. 25,423), this board held that, where a General Appraiser, in passing upon the value of imported merchandise, upon appeal from the action of a local appraiser, had before him one package in every ten, the requirements of the law were satisfied and that his action was valid, even though the goods in these packages were not representative of those in the other packages stated on the invoice; and that, if it was necessary, in order that he might fix a correct value upon the merchandise, that he should view every or any particular item thereof, it was incumbent upon the party asking for the review of the local appraiser's action to produce that item before him, upon the principle of law that is universal in every judicial or quasi-judicial tribunal in England and the United States, that the onus probandi is on him who sets the machinery of law in motion on his own behalf. In an appeal by an importer from the value placed upon his goods by the local appraiser, the onus of showing that the value is incorrect is upon him, and it was held that it was for him, therefore, if he believed the samples examined by the General Appraiser were not representative of the whole, to produce before that officer such samples as he deemed necessary to establish his case. This rule, however, does not apply to the action of a local appraiser. He does not act as a reviewing officer. The invoice is not before him upon appeal from the action of any other officer, nor is it brought before him by the voluntary act of the importer. It is his duty under the law to examine and pass upon the value of all imported merchandise. It is his duty by all reasonable ways and means in his power to ascertain, estimate, and appraise the actual market value and wholesale price of the merchandise at the time of exportation to the United States. It will not be presumed that he did this by a mere examination of an invoice. Section 2614, Rev. St. (U. S. Comp. St.

1901, p. 1804), and section 10,. Act June 10, 1890, c. 407, 26 Stat. 136 (U. S. Comp. St. 1901, p. 1922).

The merchandise about which this dispute arises was curtains, and the testimony shows that there were no curtains in the cases examined by the appraiser, hence he advanced the value of the curtains in question without seeing them. This action cannot be justified by any rule of law with which we are familiar. It was the appraiser's duty to ascertain whether or not the goods were entered at the correct value. To determine this it is his duty to examine them. His duty in this respect differs from that of a General Appraiser, in that, when a General Appraiser is called upon to pass upon the value of imported merchandise, it is upon appeal from ,the action of a local appraiser, taken either by the government or the importer. An issue of fact is thereby fairly joined. The presumption of law is always in favor of the correctness of the action of a public officer. The party appealing, therefore, assumes the burden of establishing a value different from that found by the local appraiser, and the onus of presenting every material fact tending to show this is upon him. It logically follows that, if he fails in this, the action of the General Appraiser in affirming the value found by the local appraiser is valid, whether he examined the merchandise or not. The General Appraiser's duties in this respect are entirely judicial; the local appraiser's are not. It is the duty of the latter officer to ascertain and report the value of all imported merchandise, not because any one challenges the entered value, but because it is made his duty by law.

It was the duty of the appraiser, when he saw from the invoice, as he readily could, that the merchandise in case No. 2,398 was not represented by that contained in the cases brought to the public stores, to call for a sample of this merchandise. He had a perfect right to ask that this case be sent to the public stores; and, if it had already been delivered to the importer, he should have, before acting, made a demand upon the importer for a sample of the same.

We conclude that, in ascertaining, estimating, and appraising the actual market value and wholesale price of the merchandise in question, the appraiser "proceeded upon a wrong principle, contrary to law," and that his act in advancing the entered value was void. The protest is sustained, and the collector is directed to reliquidate the entry, assessing duty upon the entered value of the curtains contained in case No. 2,398.

SOMERVILLE, General Appraiser. I concur in the conclusion reached in this case by my colleagues. The subject of the examination of merchandise under appraisement is discussed at some length in the decision of the Circuit Court for the Southern District of New York, rendered by Judge Platt, in the case of Curnen v. U. S. (C. C.) 136 Fed. 807, which modified the view expressed by the majority of the board in Curnen's Case, G. A. 5,720 (T. D. 25,423).

The duty of local appraisers to examine and inspect merchandise under appraisement is made peremptory by section 2614 of the United States Revised Statutes [U. S. Comp. St. 1901, p. 1804], which yet remains in force so far as these officials are concerned.

In the Circuit Court, on proceedings for the admission of further evidence, a stipulation was made in lieu of the examination of witnesses, the pertinent portion of which reads as follows:

"It is admitted by counsel for the importer herein that on the 26th of January, and the 11th of February, the importer made importations of similar goods; that on the importation of January 26, 1904, there were in one of the cases goods designated by the pattern numbers 4,060 and 4,061; that the goods designated by such pattern numbers 4,060 and 4,061, in the importation of January, were identical with the goods represented by those same pattern numbers in the importation of July, now under consideration; that in the importation of January the appraiser advanced the value of these two numbers, 4,060 and 4,061; that the importer called for a reappraisement, and that the reappraisement resulted in an affirmance of the action of the local appraiser; and that a further reappraisement was waived."

Henry A. Wise, Asst. U. S. Atty.

Curie, Smith & Maxwell (W. Wickham Smith, of counsel), for·importers.

HAZEL, District Judge. Decision affirmed, on the opinions of the Board of General Appraisers.