## PROSSER *v.* UNITED STATES (No. 25).[1]

CAST-IRON DISKS.

   Cast-iron disks, when subjected to processes of manufacture and made thinner on one edge than the other and with an irregular surface, are not "plates" within the meaning of paragraph 148, tariff act of 1897, and were dutiable under paragraph 193 of that act.

United States Court of Customs Appeals, July 25, 1910.

TRANSFERRED from the United States Circuit Court, Southern District of New York, G. A. 6629 (T. D. 28276).

[Affirmed.]

*Brown & Gerry* for appellants.

*D. Frank Lloyd,* Assistant Attorney General (*Thomas J. Doherty* on the brief), for the United States.

Before MONTGOMERY, HUNT, SMITH, and BARBER, Judges.

SMITH, Judge, delivered the opinion of the court:

Thos. Prosser & Son imported into the country at the port of New York certain ring-shaped metal grinders, invoiced as cast-iron grind-

ing disks and designed to form part of a machine for grinding corn, licorice root, and similar substances. These grinding disks are thinner at the inner than at the outer edge and from the beveled surface thus presented project a large number of teeth of graduated sizes, placed in rows, with the coarser teeth near the center and the finer near the rim of the disk. The teeth are cast with the so-called disk and on one or both sides of it, as its position in the machine for which it is intended may require. After the casting is made the teeth are machine sharpened and screw holes are drilled, or at all events countersunk, in the disk to fasten it in place. As imported the grinding disks are fully finished and without further preparation or processes of manufacture are ready to be fitted to the machine for which they are made. They are mounted on a revolving shaft in pairs, and the teeth of one, engaging those of the other, crush the corn, licorice root, or other similar substance fed from a hopper into the spaces between the teeth.

The collector assessed the merchandise at 45 per cent ad valorem under paragraph 193 of the tariff act of July 24, 1897, which fixes that rate of duty on—

Articles or wares not specially provided for  *  *  *  composed wholly or in part of iron, steel  *  *  *  or other metal and whether partly or wholly manufactured.

The importer protested that the importation was properly dutiable at eight-tenths of a cent per pound under paragraph 148, which fixes that rate on "Cast-iron vessels, *plates*, stove plates, andirons, sadirons, tailors' irons, hatters' irons, and *castings of iron* not specially provided for." The Board of General Appraisers sustained the collector, and from its decision an appeal was taken to the United States Circuit Court for the Southern District of New York, which appeal in accordance with the provisions of the tariff act of August 5, 1909, has been certified to this court for determination.

In their brief on appeal counsel for appellant seem to argue that the importation in question had a *commercial* designation and that the disks were *commercially* known as "plates." The case was not tried before the board on that hypothesis, however, and as no evidence appears of record showing or tending to show a commercial designation the court's consideration will be limited to the claim set up in the specifications of error, that the wares are either plates or castings of iron within the ordinary meaning of the words.

The disks are certainly castings of iron in the sense that they are cast iron, but as they have been advanced from that condition by processes of manufacture they have lost their character of castings, and unless they are plates within the meaning of paragraph 148 they have become manufactures of iron dutiable under paragraph 193.

Are they plates? That is the question. Counsel argues that a plate as ordinarily understood is a piece of metal *approximately* flat and even surfaced; that a disk as ordinarily understood is any flat, circular plate—any plane or surface that is flat and circular or approximately so; that the goods under consideration are universally known as disks; that consequently they are disks, and therefore they are plates. Unfortunately, for this argument, the evidence establishes nothing more than that the invoice describes the importation as "cast-iron grinding disks" and is very wide of showing that the wares are universally or even generally, commonly, or ordinarily known as disks. We can not hold that an invoice name finally fixes the status, nature, or character of an importation. To do so would enable the importer to fix his own rate of duty or none at all, as best pleased him.

The difficulties in the way of bringing this merchandise within the ordinary everyday meaning of the word "disk" are just as great as are those encountered in making the goods recognizable as plates within the ordinary everyday meaning of the word "plate." A disk is nothing more and nothing less than a plate, circular or approximately circular in form, and as defined by dictionaries of high authority a plate is (*a*) a sheet of metal of uniform thickness and even surface (Century); (*b*) a piece of metal extended or flattened to an even surface with a uniform thickness (Imperial); (*c*) a flat, comparatively thin, usually rigid sheet, slice, leaf, or lamina of metal or other substance, of more or less uniform thickness and even surface (New English Dictionary—Murray); (*d*) a flat, or nearly flat, piece of metal, the thickness of which is small as compared with the other dimensions. (Webster.)

According to these definitions, uniformity of thickness and evenness of surface are the characteristics of a plate. A plate is a *flat* piece of metal; that is to say, "a piece of metal with an even or horizontal surface, or nearly so, without marked prominences or depressions" (Webster). If this be the correct description of a plate, if the word "plate" is properly defined by the standard dictionaries, it can scarcely be contended with convincing force that a piece of metal which is thinner at the inner than at the outer edge and therefore not of uniform thickness, *which is covered with teeth or prominences* cast with it on one or both sides and therefore not flat or even of surface, is a plate, or even a disk, which is a circular plate.

In our opinion the grinding disks described in the testimony have no claim whatever to the designation of plate and but one to that of disk, namely, their circular form.

The decision of the Board of General Appraisers is *affirmed.*