LEE & Co. *v.* UNITED STATES (No. 2859)[1]

[1] T. D. 42236.

United States Court of Customs Appeals, May 27, 1927

*Frank L. Lawrence (Martin T. Baldwin* of counsel) for appellants.
*Charles D. Lawrence,* Assistant Attorney General (*Fred J. Carter* and *Marcus Higginbotham,* special attorneys, of counsel), for the United States.

[Oral argument April 22, 1927, by Mr. Carter]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

BLAND, Judge, delivered the opinion of the court:

Certain edible seeds were imported by appellants at the port of San Francisco, and in one entry (protest 4544–G) were classified for duty as beans at 2 cents per pound under paragraph 5 of the emergency tariff act. They were claimed to be dutiable under paragraph 209 of the tariff act of 1913, as "Peas, green or dried," at 10 cents per bushel of 60 pounds. In another entry (protest 22666–G) they were assessed for duty at the rate of 1¾ cents per pound under paragraph 763 of the Tariff Act of 1922 as "Beans not specially provided for, * * * dried," and were claimed to be dutiable under the provisions of paragraph 767 of the Tariff Act of 1922 as "Peas, green or dried, 1 cent per pound."

The United States Customs Court in both protests held that the merchandise was beans and overruled the protest, from which ruling appellants have appealed to this court.

In the decision of the customs court the following language is used:

The commodity involved in these two protests is described on the invoice in protest 4544–G as green beans. How they are described in the other invoice we are unable to determine from the record, as the invoice is not before us. A sample was introduced in evidence at the hearing. An inspection of the same reveals it as a small, leguminous seed about an eighth of an inch in diameter. It is not spherical, being slightly flattened at what might be termed "the ends." It is ripe seed, the term "green" used in connection with it having reference to its color.

\*  \*  \*  \*  \*  \*  \*

The question to be determined in either case, therefore, is whether the commodity is beans or peas. The record does not reveal that there is any chemical difference in the constituents. The plaintiff sought to show that they were dutiable as peas, being so known in trade and commerce. He introduced two witnesses upon that point, but we think he has failed to show commercial designation under the rules for establishing that claim set forth in the law and the decisions thereunder.

The only question, then, remaining is as to whether as a matter of fact the commodity is properly described as beans or peas. As stated above, in protest 4544–G the invoice describes it as beans, and it was imported with other bean products. Upon inspection of the sample we are inclined to believe that it

resembles beans more than it does peas in shape and appearance, and it must be borne in mind that it has been assessed as beans. The burden rests upon the importer to show by a fair preponderance of the evidence that it is not beans. We think he has failed in his efforts to that end.

The protests are therefore overruled.

As far as we are able to determine from the invoice and entry papers, both of which are voluminous and very confusing, the goods were invoiced and entered as beans. It is suggested that under this court's decision, *United States* v. *Rockhill et al.* 10 Ct. Cust. Appls. 112, the invoice and entry declarations are binding upon appellants and must be given weight in determining the proper classification of the merchandise. It is true in the above-cited case this court said:

In deciding this we must first observe that the invoices described the article as hardened fish oil, and furthermore that the importers entered it for duty under a similar description. In the absence of explanation these facts are certainly entitled to substantial weight in the decision of the present question. It is true that the invoice descriptions of merchandise are generally, perhaps always, open to explanation and contradiction, both by the Government and the importers; nevertheless a statement against interest made by importers in their invoices and entries certainly establishes a prima facie case against any contradictory claim made by them in their protest. It is true, on the other hand, that the appraiser reported the oil to be "unidentifiable," but this report does not militate against the statement just above made, although it is entitled to weight as part of the evidence in the case.

This view of the law would not prevent importers from proving by competent evidence that their entry, although invoiced and entered as beans, was in fact peas, or so known in trade and commerce.

The issue is fairly stated in the brief of appellants in the following language:

The case as tried before the Customs Court involved only one question, viz, whether or not the merchandise was commercially known as peas. The only witnesses called were three for the importers. The court in its decision mistakenly refers to the importers' commercial witnesses as two in number instead of three; and the court then baldly states that the importers have failed to show commercial designation, under the rules of law and the decisions, but the decision does not purport to point out in what respect the proof of commercial designation is deficient. We maintain that this decision was erroneous and that the uncontradicted evidence in the case made out a clear commercial classification of these seeds as "peas," not "beans."

This court has heretofore held that the presumption of correctness of the collector's finding stands until, at the trial, some substantial evidence to the contrary is offered and that then the presumption ceases to exist, and the one asserting the correctness of the collector's finding must then meet the testimony submitted in opposition to the collector's finding. *Morse Bros.* v. *United States*, 13 Ct. Cust. Appls. 553.

It seems to be the position of the importers in this case that they have, by three commercial witnesses, introduced substantial evidence

to overcome the presumption of correctness of the collector's finding. Appellants assert that their effort was wholly directed toward showing that the importation was commercially known as peas.

The rules as to the requirements of commercial proof are too well known and too thoroughly settled to require extended repetition here. Proof of commercial designation which is sufficient to overcome the presumption of correctness of the collector's classification must be some substantial proof which meets all of the requirements of commercial proof as laid down by the courts. One well-settled rule applicable to such proof is that one who claims a commercial meaning different from the common meaning must show, by a fair balance of proof, that such meaning is definite, uniform, and general, and not partial, local, or personal. *United States* v. *Redden*, 13 Ct. Cust. Appls. 224. Some substantial evidence *tending to prove* commercial designation but which falls short of the requirements of such proof does not overcome the presumption of correctness of the collector's official acts.

There was no proof offered by the Government in this case, and the sole question before us is, Does the testimony of the three commercial witnesses prove that the seeds are peas, commercially, rather than beans? We agree with the court below that the proof is insufficient, possibly for more reasons than one, but one is sufficient. The three witnesses testified to the name under which this commodity was sold on the west coast, and one witness stated that he had sold in Chicago and New York. The record discloses that in some places the commodity was known as Hindoo peas, so named because they were purchased for the purpose of being sold to the Hindoos working in southern California. One witness said:

The usual customers were Hindoos working in southern California, and when I received my first order I sent for a sample and when the sample came under the name of Hindoo peas I matched it with the commodity of that nature.

There is no proof that shows that this commodity was not sold generally throughout the United States. There is no showing in the record that throughout the United States in trade and commerce the commodity was known as peas. Therefore, the importers have failed to meet one important requirement of commercial proof, in that they have failed to show that their proposed commercial classification was uniform, either throughout the United States or throughout the whole portion of the United States where this commodity was bought and sold.

There are many varieties of beans and peas, and, in the dried form, we know of no definite characteristics of the pea differing from those of the bean which, when tested solely by inspection or chemical analysis, would definitely distinguish them.

. Funk & Wagnalls New Standard Dictionary defines peas as—

A climbing annual herb (Pisum sativum) of the family Fabaceae having pinnate leaves with a *terminal tendril* and papilionaceous flowers.   (Italics ours.)

· The same authority defines beans as—

The seed of any one of various plants of the family (Fabaceae).

We find no authority stating that beans have pinnate leaves with terminal tendrils.  To the best of our knowledge they do not have terminal tendrils.  The bean vine climbs by encircling its support. It is probable that if the growing plants were before us this difference might be conclusive.  The plant was not before the board and is not before us, and there is no proof in the record throwing any light upon this phase of the case.  The mere fact that, within our experience, most dried beans are not green in color is in no sense conclusive that the samples before us are not beans.  They were found by the collector to be beans.  From an examination of the exhibit we can not say he was wrong.  His finding carries the presumption that he correctly classified them.  The source of his information is not divulged, but the fact which he found has not been rebutted.

Without passing upon any other phase of the quality of the proof it is sufficient to say that the appellants did not show satisfactorily that the importation was peas, commercially, and the judgment of the United States Customs Court is *affirmed*.