UNITED STATES *v.* WO KEE & CO. (No. 3653)[1]

---

[1] T. D. 46880.

United States Court of Customs and Patent Appeals, January 22, 1934

*Charles D. Lawrence*, Assistant Attorney General (*Thomas J. Canty* and *Ralph Folks*, special attorneys, of counsel), for the United States.
*Lawrence A. Harper* for appellee.

[Oral argument December 4, 1933, by Mr. Folks; submitted on brief by appellee]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

BLAND, Judge, delivered the opinion of the court:

The Government has appealed from the judgment of the United States Customs Court, Third Division, which sustained the protest of the importer, appellee, claiming the imported merchandise to be dutiable at 4¼ cents per pound under paragraph 759 of the Tariff Act of 1930, as *peanuts not shelled*.

The merchandise was shipped from China and entered at the port of San Francisco, Calif.

While the protest claimed that the goods were dutiable at 4¼ cents per pound under said paragraph 759, it was alternatively claimed that they were dutiable at 10 or 20 per centum ad valorem under paragraph 1558.

The collector classified the goods under the provision of paragraph 759 for "peanuts  *  *  *  blanched, salted, prepared, or preserved, not specially provided for", and assessed the same with duty at 7 cents per pound.

Paragraph 759 of the Tariff Act of 1930 reads as follows:

PAR. 759. Peanuts, not shelled, 4¼ cents per pound; shelled, 7 cents per pound; blanched, salted, prepared, or preserved, not specially provided for, and peanut butter, 7 cents per pound.

At the trial in the Customs Court, after the submission of the official sample, Exhibit 1, by the importer, the record shows the following:

Mr. CANTY. If your honor please, on behalf of the Government we move in the appraiser's report and submit on the record as made, the sample and the appraiser's report.

Mr. GOTTFRIED. I object to the admission of the appraiser's report because it states facts which were not under the observation of the appraiser at the time the merchandise was imported.  The appraiser never saw the merchandise

prepared in the country of exportation, but he makes several statements concerning that, and until properly qualified I think the report should not be admitted.

Judge TILSON. Was that report made within the proper period?

Mr. CANTY. Within the statutory time, if the court please. It is only moved in, of course, in regard to the facts recited therein, no law or anything like that.

Judge TILSON. I will sustain the objection as to things outside of the province or purview of the appraiser regarding which he has written. Only the absolute facts in that report will be considered.

Mr. CANTY. That is all we want, your honor.

Judge TILSON. With that provision it is admitted.

The record is very indefinite as to what part, if any, of the ap- praiser's report was excluded by the trial judge.

The so-called appraiser's report obviously is a document printed in the record, styled "Answer to Protest", and signed by the appraiser, the pertinent parts of which are as follows:

ANSWER TO PROTEST

\*          \*          \*          \*          \*          \*          \*

*Peanuts.*—The merchandise covered by this protest is described in the invoice as salted peanuts in shell. The peanuts are unshelled, *but they have been prepared and preserved by being boiled in salt water*. They are therefore dutiable as prepared peanuts at 7¢ per pound under paragraph 759 as returned by this office. This classification is supported by the principle in T.D. 43890. (Last italics ours.)

It is assumed that the objection made by the importer's counsel was directed toward the statement "but they have been prepared and preserved by being boiled in salt water", it being contended, but not proved, that the appraiser had no knowledge of how they were prepared.

We do not regard it as important, under the circumstances of this case, to determine whether or not the last-quoted phrase is or is not before us for consideration. The merchandise was assessed at 7 cents per pound as "salted peanuts." The importation was invoiced as "salted peanuts."

The record also contains the report of the collector, the material part of which is as follows:

REPORT OF THE COLLECTOR

\*          \*          \*          \*          \*          \*          \*

*Description of merchandise and assessment*

7¢ lb. "Salted peanuts." Appraiser's advisory classification, "Prepared peanuts n.s.p.f." Assessed under par. 759, act of 1930.

The appellee argues in this court as follows:

The ambiguity of this report is at once apparent in view of the fact that the paragraph under which the merchandise is classified contains provisions for "peanuts, unshelled; peanuts, shelled; \* \* \* salted \* \* \* prepared \* \* \*." If the collector's statment is to be construed as a reliance on the appraiser's advisory

classification, there is no apparent basis for his statement that the merchandise is "salted peanuts." If the collector disregarded the advisory classification and based his decision upon the conclusions of the appraiser as to the alleged method of preparation of the instant merchandise, then his classification is subject to impeachment on the same grounds to which the appraiser's report was subject, and which objections were sustained by the trial judge. (R., 6.) In view of the fact that counsel for appellant conceded at the trial that these objections were well taken (R., 6) and failed to appeal from the decision of the trial judge (R., 1, 2), he cannot properly ask for a reversal of the decision of the court below on the basis of a presumption of correctness attaching to a decision of the collector, which decision is obviously based upon the same hearsay evidence.

In order to overcome the action of the collector it was the duty of the protestant at the trial below to show that the classification and assessment of duty by the collector was wrong and that its claim was correct. This the importer claimed to have done by introducing a sample of unshelled nuts, which sample is taken from or is representative of the importation.

The trial court, in its decision, called attention to the fact that the peanuts were unshelled; that they were smaller than the ordinary peanuts; and that "the kernel is rather dry and hard." The opinion then recites:

* * * An inspection of the paragraph in question persuades one that peanuts have been provided for according as they have progressed from the crude to what might be called a finished state. The first clause provides for peanuts not shelled, the second clause for shelled peanuts, and the third clause for peanuts that have been further processed. Inasmuch as this was a shipment of unshelled peanuts we are of the opinion that they are more directly provided for in the first clause of the paragraph in question.

The Government here contends that regardless of their unshelled condition the peanuts have been salted, and that such salted peanuts are not specially provided for elsewhere, and that they are, therefore, specifically named and are dutiable under the second part of paragraph 759 at 7 cents per pound.

Invoice descriptions of imported merchandise in cases like the one at bar are admissions against interest and are presumptively correct. When such admissions are contradicted by a protest, however, the importer is not precluded from disproving the correctness of such description.

In *United States* v. *Rockhill & Vietor et al.*, 10 Ct. Cust. Appls. 112, 116, T.D. 38374, the court said:

* * * In deciding this we must first observe that the invoices described the article as hardened fish oil, and furthermore that the importers entered it for duty under a similar description. In the absence of explanation these facts are certainly entitled to substantial weight in the decision of the present question. It is true that the invoice descriptions of merchandise are generally, perhaps always, open to explanation and contradiction, both by the Government and the importers; nevertheless, a statement against interest made by importers in

their invoices and entries certainly establishes a prima facie case against any contradictory claim made by them in their protest. * * *

In *Lee & Co.* v. *United States*, 15 Ct. Cust. Appls. 202, T.D. 42236, the *Rockhill & Vietor et al.* case, *supra*, was cited and the court said that the law as expressed in that case would not prevent importers from proving by competent evidence that their invoice and entry descriptions were incorrect, and it was further held that the presumption of correctness attaching to the collector's classification stands until, at the trial, some substantial evidence to the contrary is offered.

The appellee in this case argues that it offered some substantial evidence when it offered the sample of the merchandise, and that from such evidence it must be determined, as was held by the trial court, that the peanuts are unshelled, and therefore fall within the first provision of paragraph 759.

We find no fault with the argument and reasoning of the importer which is to the effect that the sample is a potent witness in this case, as it is in many other cases, *United States* v. *May Department Stores Co.*, 16 Ct. Cust. Appls. 353, 356, T.D. 43090, and that if it afforded proof of the incorrectness of the invoice description and the collector's finding, then, in that instance, the presumption of correctness of such description and finding would be overcome. We have examined with care Exhibit 1, and conclude that instead of it affording proof of the incorrectness of the invoice description and the collector's finding, it supports and is confirmative of such presumption of correctness. Both the shell and the kernel of the exhibit are salty, and the shell is shriveled.

The question, therefore, presented for our determination is the proper dutiable classification of unshelled, salted peanuts.

Paragraph 757 of the Tariff Act of 1922, the predecessor paragraph of the one here under consideration, follows:

PAR. 757. Peanuts, not shelled, 3 cents per pound; shelled, 4 cents per pound.

It will be noted that in paragraph 759 of the Tariff Act of 1930, Congress has changed the rates applicable in the old act and added the following:

* * * blanched, salted, prepared, or preserved, not specially provided for, and peanut butter, 7 cents per pound.

In *Geo. S. Bush & Co., Inc.* v. *United States*, T.D. 43890, 57 Treas. Dec. 360, the United States Customs Court held that certain shelled peanuts which had been blanched and heated and the inner husks removed were dutiable under the Tariff Act of 1922 as edible nuts, prepared, and not as shelled peanuts.

In the Summary of Tariff Information, 1929, page 1341, which was before the Ways and Means Committee when the Tariff Act of 1930 was framed, is found the following:

PEANUTS, BLANCHED; PEANUTS, SALTED

\*        \*        \*        \*        \*        \*        \*

*Imports.*—Imports of blanched and salted peanuts are not shown separately, but are included in statistics of imports of shelled peanuts. So far as is known, there are no imports of salted peanuts, and imports of blanched peanuts have so far been small, but are reported to be increasing.

DECISIONS

Litigation is pending on importers' protests upon the question whether *blanched peanuts* were dutiable at 4 cents per pound as peanuts shelled under paragraph 757, as assessed by the collector, or at 35 percent ad valorem as prepared nuts under paragraph 759.

It seems clear that Congress intended to considerably broaden the scope of the so-called peanut paragraph, and was solicitous in seeing that certain peanuts, prepared or preserved in a certain manner, should not find dutiable classification under the edible-nut provision but under the peanut provision. While there is nothing in the legislative history which definitely indicates that the legislature at the time of the enactment of paragraph 759 had in contemplation the importation of unshelled salted peanuts, we think that since tariff acts are made for the future as well as for the present, *United States* v. *Hudson Forwarding & Shipping Co.*, 14 Ct. Cust. Appls. 188, T.D. 41700, it is reasonable to conclude that paragraph 759 was intended to cover such importations as that at bar.

While the imported goods fall within the broad term "peanuts, not shelled", they also fall within the provision for peanuts " \*  \*  \* salted, prepared, or preserved, not specially provided for", and although the provision does not mention *unshelled* salted peanuts, we think, in view of all the circumstances, that they should be held to be dutiable as "peanuts  \*  \*  \* salted, prepared, or preserved, not specially provided for" rather than under the first part of the paragraph. To hold otherwise would result in the anomaly of peanuts which have been salted, and in this way having been prepared or preserved, taking no higher rate of duty than the peanuts in their natural state, and in view of the considerations hereinbefore expressed, we cannot believe that this was the congressional intent.

The judgment of the United States Customs Court is *reversed.*